UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEITH H. TAYLOR,

    Plaintiff,

v.                                              Case No. 16-10891

SOMMER SCHWARTZ, PC,                HON. AVERN COHN
et al.,

    Defendants.
_____/

**MEMORANDUM AND ORDER**
**GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS**
**AND**
**DISMISSING COMPLAINT**

I.  Introduction

Plaintiff Keith H. Taylor, proceeding pro se, has filed a complaint naming (15) defendants, which appear to be (5) law firms, and ten (10) individual attorneys. He says he is bringing a claim against all defendants for violations of the United States Criminal Code, including mail fraud and conspiracy. He seeks money in damages.[1]

Plaintiff also seeks to proceed in forma pauperis. Based upon the information in the Application to Proceed In Forma Pauperis, the Court, under 28 U.S.C. § 1915, GRANTS plaintiff in forma pauperis (IFP) status. For the reasons that follow, however, the complaint will be dismissed.

---

[1] Plaintiff previously filed a similar complaint against seventeen (17) defendants, which included the (15) fifteen defendants in this case and two automotive companies. It was before the undersigned. In the prior case, plaintiff claimed a violation of his constitutional rights. The Court granted plaintiff IFP status and dismissed the complaint for failure to state a claim. See Taylor v. Fiat Chrysler, 15-13730. The instant case was reassigned to the undersigned as a companion to the prior case.

II.  Legal Standard

Under § 1915 (e)(2) a Court may dismiss a complaint at any time if it determines that the case is frivolous or malicious, that the plaintiff fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from such relief.  A complaint "is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Moreover, a federal court is always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990), and a federal court may not entertain an action over which it has no jurisdiction.  See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982).  Indeed, a court is required to dismiss an action at any time if it lacks subject-matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3); See Wagenknecht v. United States, 533 F.3d 412, 416 (6th Cir.2008) ("a district court may sua sponte dismiss an action when it lacks subject matter jurisdiction.").

The Court must read pro se complaints indulgently, see Haines v. Kerner, 404 U.S. 519, 520 (1972), and accept plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  Denton v. Hernandez, 504 U.S. 25, 33 (1992).

III.  Discussion

The Court has read the complaint.  As best as can be gleaned, plaintiff alleges that the various law firms and attorneys mishandled a malpractice case and operated under a conflict of interest and their actions violate federal criminal law.  The malpractice case apparently grew out of a patent case plaintiff previously filed in this

2

district against Daimler Chrysler, now Fiat Chrysler.[2]

The complaint must be dismissed for lack of jurisdiction. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."

Plaintiff says that jurisdiction is based on diversity of citizenship, he also says that "plaintiff and several Defendants reside in Oakland County." For diversity jurisdiction, there must be complete diversity of citizenship between all parties and the amount in controversy exceeds $75,000.00. See 28 U.S.C. § 1332(a). From plaintiff's statement, it appears that he and at least several of the defendants are citizens of Michigan. As such, there is no basis for diversity jurisdiction.

Moreover, under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff cites criminal statutes as a basis for his claims. Criminal statutes do not provide plaintiff with a private cause of action. See Kafele v. Frank & Wooldridge Co., 180 F. App'x 307, 308–09 (6th Cir.2004) (stating that a private citizen plaintiff "has no authority to initiate a federal criminal prosecution of the defendants for their alleged unlawful acts"). Therefore, the complaint does not adequately allege that there is federal question jurisdiction.

---

[2]See Taylor v. Daimler Chrysler AG, et al., 00-75350 (E.D. Mich). This case was before the undersigned. Defendants prevailed on summary judgment. See Docs. 147, 148 in case no. 00-75350. The Court of Appeals for the Federal Circuit affirmed. See Doc. 153 in case no. 00-75350.

IV.  Conclusion

For the reasons stated above, the complaint is DISMISSED under 28 U.S.C. § 1915(e)(2) for lack of subject matter jurisdiction.  The Court also certifies that any appeal from this decision could not be taken in good faith.  See 28 U.S.C. § 1915(a)(3).

SO ORDERED.

S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: March 29, 2016
       Detroit, Michigan